UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD M.,[1]                                          Case No. 26-11977
                        Plaintiff,

v.                                                      Curtis Ivy, Jr.
                                                       United States Magistrate Judge

COMMISSIONER OF SOCIAL
SECURITY,
                        Defendant.
_____/

**ORDER ON MOTION FOR RELIEF FROM
LOCAL RULE 83.20 (ECF No. 3)**

**I.      INTRODUCTION**

Plaintiff Richard M. brings this action under 42 U.S.C. §§ 405(g) and

1383(c)(3), challenging the final decision of Defendant Commissioner of Social

Security ("Commissioner") denying his application for benefits under the Social

Security Act ("the Act").   Pending before the Court is Plaintiff's counsel's *Motion*

*for Relief from [E.D. Mich.] Local Rule 83.20* (ECF No. 3).   For the reasons

below, the motion will be **DENIED** with leave to refile.

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the
Judicial Conference Committee on Court Administration and Case Management, this district has
adopted a policy to identify plaintiffs by only their first names and last initials.  *See also* Fed. R.
Civ. P. 5.2(c)(2)(B).

## II.   DISCUSSION

"A person is eligible for admission to the bar of this Court if the person has been admitted to practice in a state court of record and is in good standing." *Koenemann v. Marberry*, No. 5:06-CV-10852, 2006 WL 1421527, at *1 (E.D. Mich. May 23, 2006) (citing E.D. Mich. Local Rule 83.20(c)(1)).  Eastern District of Michigan Local Rule 83.20(f)(1) specifies that out-of-state attorneys must have local counsel to appear on a case as attorney of record unless the Court relieves them of this duty.[2]

"Courts in this district have generally required compliance with [Local Rule 83.20(f)]."  *Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, No. 21-CV-13041, 2022 WL 90848, at *1 (E.D. Mich. Jan. 7, 2022) (citing cases).  That said, courts have also relieved attorneys from the requirement to obtain local counsel where good cause is shown.  *See, e.g.*, *Koenemann*, 2006 WL 1421527.

---

[2] E.D. Mich. L.R. 83.20(f)(1) provides:

. . . A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district.  Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so.  On application, the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

Plaintiff's counsel, Joseph Ira Frydman, states in his motion that he is admitted to practice in Eastern District of Michigan and is an active member of the State Bar of Maryland, but not the State Bar of Michigan.  (ECF No. 3, PageID.9). Mr. Frydman also indicates that he is willing and able to attend any scheduled appearance in this case and would obtain local counsel should he become unavailable.  (*Id.*).

The Court does not find good cause has been shown to grant Plaintiff's counsel's motion.  Mr. Frydman gives no reason as to why he is requesting such relief.  S*ee Koenemann*, 2006 WL 1421527 (granting relief from the local rule requiring local counsel in a case in which movant justified why such relief was sought).  For example, Mr. Frydman's motion does not discuss his area of practice or specialty, his experience with Social Security disability appeals or handling appeals in federal court generally, the nature of the underlying litigation, or why local counsel is unnecessary in this case.  *See, e.g.*, *Nichole H. v. Comm'r of Soc. Sec.*, No. 26-10338, 2026 WL 259616, at *1 (E.D. Mich. Jan. 30, 2026) (granting relief from L.R. 83.20(f) where movant showed extensive experience in Social Security disability appeals and federal appellate practice, his familiarity with the local rules of the Court, and that the nature of the litigation does not involve court appearances or service of process concerns).  Without additional information, the Court is unable to grant Plaintiff's counsel's motion.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's counsel's *Motion for Relief from [E.D. Mich.] Local Rule 83.20* (ECF No. 3), is **DENIED** with leave to refile.

**IT IS SO ORDERED**.


Date: June 22, 2026                              s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge